SAMUEL TABAS AND MORRIS TABAS, TRADING AS ACORN IRON AND METAL COMPANY, PLAINTIFFS, v. MORGAN TERMINAL COMPANY, A CORPORATION, AND ABRAHAM JELIN, DEFENDANTS.

Argued January 16, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Samuel D. Hoffman* (*Samuel G. Meisterman,* of counsel).

*Contra, Godfrey & Garrison.*

Per Curiam.

This is defendants' rule to show cause why a verdict at the Atlantic Circuit of the Supreme Court, in favor of the plaintiffs, for $3,875, should not be set aside.

The suit as originally brought was against both the Morgan Terminal Company and Abraham Jelin; but on motion, after opening of plaintiffs' case, and by consent of attorneys of plaintiffs, a nonsuit was entered in favor of defendant Abraham Jelin. The jury rendered a verdict against defendant Morgan Terminal Company, and it is this company that obtained the present rule to show cause.

It appears that on October 16th, 1925, plaintiffs wrote to the defendant company that they "purchase of you all of your buckwheat coal lying at your plant at Morgan, New Jersey, for the sum of seventy-five cents per gross ton, as is and whereis." The letter further said, "we are to remove all of the coal that we can possibly get away from the property," but within what time was not stated in the letter. Accompanying the letter was a check for $250 on account "as good faith in the deal and to bind the contract, and balance will be paid after the coal is removed and weights obtained." The next day the Morgan Terminal Company replied: "I have your letter and check of October 16th and note contents, and beg to advise that this material must be removed by December 1st, 1925."

At the trial it appeared that after the receipt of this letter one of the plaintiffs answered the letter by calling on the vice-president of the company, who conducted the negotiations for the defendant. As to what was said in that conversation there is dispute, but it was open to the jury to find, if they saw fit, that it was agreed that plaintiffs were to have a reasonable time in which to remove the coal. As we have said, that question was in dispute in the testimony, and consequently a jury question was presented, and that question was accordingly presented by the trial judge to the jury. The jury found apparently that the plaintiffs were to have a reasonable time in which to remove the coal. We cannot say that the verdict in this regard was against the great weight of the evidence.

Another question submitted to the jury was the amount of damages the plaintiffs suffered because of defendant's alleged failure to carry out its contract and allow the plaintiffs to have the coal. The verdict was $3,875, and defendant contends that in any event it should not have exceeded $1,875. The contention is based upon the theory that only one of two or three piles of coal in the yard was sold. But defendants' theory as to that was likewise submitted to the jury, and it found against the defendant, and in favor of the plaintiffs' theory which was that they bought "all of your buckwheat coal lying at your plant at Morgan   *   *   *   as is and where is," as stated in plaintiffs' letter.

The jury's finding in favor of the plaintiffs as to the amount of coal purchased cannot be said, under accepted rules, to be against the great weight of the evidence, nor can any legal fault be found with the verdict as to its amount, or otherwise.

The rule to show cause will be discharged.